**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JAMES K. DONOHUE and DRYSHOD INTERNATIONAL, LLC, | § | |
| Plaintiffs, | § | |
| v. | § | CASE No: 1:22-cv-00583-LY |
| ZHENYIN "STEVEN" WANG D/B/A DRYCODE | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT ZHENYIN WANG'S COMBINED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2), INSUFFICIENT SERVICE OF PROCESS UNDER RULE 12(b)(5) AND TO RECONSIDER THE COURT'S JULY 22, 2022 OREDER UNDER RULE 54(b)**

**ORAL ARGUMENT REQUESTED**

## I.     INTRODUCTION

Defendant Zhenyin Wang, through counsel, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), 12 (b) (5), and Motion to reconsider the Court's Order dated July 22, 2022. Because Defendant does not have minimum contacts with Texas, it is not subject to personal jurisdiction in this Court and should be dismissed from this matter. Basing a federal lawsuit on irrelevant contact is extraordinarily unfair and runs afoul of both the federal and the Texas Constitutions. Furthermore, the service of process is improper due to non-compliance of Hague Convention. Because this Court cannot exercise personal jurisdiction over Defendant consistent with the constitution and improper service of process, therefore, Defendant should be dismissed from this present case.

## II.    BACKGROUND

Plaintiffs filed their lawsuit on June 15, 2022, alleging that Defendant purportedly infringes Plaintiffs' trademark "DRYSHOD" among other claims such as federal unfair competition and false designation of origin, common law trademark infringement, common law unfair competition, cancellation of Defendant's federal trademark registrations, and unjust enrichment.  *See* Compl., Dkt. No. 2. On July 18, 2022, Plaintiffs filed motion for alternative service, of which this Court granted on July 22, 2022. Dkt. No. 8,12.

Defendant moves this Court to dismiss the complaint for lack of personal jurisdiction and improper service. Defendant has no connection with Texas whatsoever. Defendant is a citizen and resident in Mainland China. *See* Decl. of Wang, ¶5. He is not registered to do business in Texas. *Id*., at ¶ 6. He does not maintain a registered agent for service of process in Texas. *Id*., at ¶ 7. He does not have any office, employees, agents, facilities or mailing addresses in Texas. *Id*., at ¶ 8. He does not have any telephone listings in Texas. *Id*., at ¶ 9. He does not own, use, or possess any

real or personal property in Texas. *Id.*, at ¶ 10. He has never paid taxes or held any bank accounts in Texas. *Id.*, at ¶¶11-12. He does not maintain any corporate files in Texas. *Id.*, at ¶ 13. He has never warehoused or stored inventories in Texas nor directed advertising or marketing toward Texas. *Id.*, at ¶¶14-15. He has never directed any emails to Plaintiffs or Plaintiff's distributors. *Id.*, at ¶ 16. He never directed any emails to Plaintiffs or Plaintiff's distributors. In fact, the emails directed to Plaintiffs or Plaintiffs' distributors attached as Exhibits in the Complaint were from "**Steve**," the marketing manager of Defendant's prior employer, not Defendant whose nick name at that company was "**Steven**". Defendant's email address **steven.wang**@huatengboots.com.cn was only copied in two of the emails in July 2019 since he was employed by the Chinese company Huateng in 2019. *Id.*, at ¶17. He has never entered into any contracts with a person or corporate entity located in Texas. *Id.*, at ¶ 18. He has never conducted any directors' meetings in Texas. *Id.*, at ¶19. Finally, he has never purchased goods or services from anyone in Texas or contact any internet service provider in Texas. *Id.*, at ¶¶20-21.

Regarding the products in question in Complaint, he has never sold any alleged infringing product to anyone in Texas. *Id.*, at ¶22. Moreover, the alleged infringing products identified by Plaintiffs attached as Exhibit B in their motion for a preliminary injunction were not offered for sell or sold by Defendant Mr. Wang. *Id.*, at ¶¶27-28; *See* also Decl. of Yao, at ¶¶2-3, Ex. 1-4. The uncontroverted evidence here is that, there is no relevant contacts whatsoever, let alone "minimum contacts" with Texas.

## III.   ARGUMENT

### A.  Personal Jurisdiction Cannot Be Constitutionally Exercised Over Defendant.

Once a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the Plaintiff's burden to establish a prima facie case for personal jurisdiction. *Sangha v. Navig8*

*Shipmanagement Private Ltd*., 882 F.3d 96, 101 (5th Cir. 2018). There is personal jurisdiction if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp*., 523 F.3d 602, 609 (5th Cir. 2008). Therefore, "[b]ecause the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id*. To satisfy due process requirements, a defendant must have "minimum contacts with the forum state (i.e., that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with traditional notions of fair play and substantial justice." *Id*. (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

Personal jurisdiction can arise under either specific jurisdiction or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). "Specific jurisdiction may exist over a nonresident defendant whose contacts with the forum state are singular or sporadic only if the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). Put another way, specific jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotation marks omitted). Such activities must be "purposeful," and "not merely fortuitous." *Sangha*, 882 F.3d at 103 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with persons affiliated with the State")). When specific jurisdiction is based on online interactions via an Internet website, the

Fifth Circuit follows the sliding scale adopted in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("Zippo test"). *See Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc*., 106 F. Supp. 2d 895, 900-01, n.10 (N.D. Tex. 2000). General jurisdiction exists to hear any and all claims against a defendant when that defendant's contacts with the forum state are so "continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Establishing general jurisdiction is "difficult" and requires "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609. "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous, and systematic contacts required . . . . [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id*. at 609-10 (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002). As recently clarified by the Supreme Court, "[f]or a State to exercise [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

Under *Walden*, Defendant has insufficient contacts to be subject to this Court's jurisdiction. As the Supreme Court recently restated in Walden, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, __ U.S. __, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendant did nothing to target the forum. Any contact with Texas, if present at all, was *de minimis*.

Defendant is not subject to personal jurisdiction in Texas. First, it is undisputed that Plaintiff does not have continuous and systematic general business contacts in Texas. *See* Decl. of Wang, ¶¶ 5- 22, so this Court should focus on the specific-jurisdiction inquiry. Second, there is no evidence that Defendant ever shipped an alleged infringing product to Texas. Defendant does not manufacture or sell products or services in Texas, is not registered to do business in Texas, does not maintain a registered agent for service of process in Texas, does not have any sales agents or employees in Texas, does not have any offices, mailing addresses, or facilities in Texas, does not own or rent any real property in Texas, does not have any telephone listings in Texas, does not maintain any accounts in Texas, does not pay any taxes in Texas, does not maintain any corporate files in Texas, does not conduct directors' meetings in Texas, has never entered into any contracts with a person or corporate entity located in Texas, and does not engage in any advertising directed toward Texas residents. *Id*. Therefore, specific jurisdiction is lacking because the Plaintiff is the only link between Defendant and Texas. To allow the Plaintiff to hale Defendant into court without even a minimum number of contacts offends Constitutional principles, traditional notions of fair play and substantial justice. This Court should dismiss the complaint as to Defendant for lack of personal jurisdiction.

**B. Defendant Was Not Served with Adequate Process Prescribed By The Federal Rule of Civil Procedure.**

When a defendant is not properly served, the Federal Rules of Civil Procedure also provide that the action may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (affirming dismissal); *see also Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344-45 (5th Cir. 2007) (affirming dismissal); *Reyes v. Berry*, No. 1:17-CV-908-RP, 2018 WL 4997056, at *1 (W.D. Tex. Oct. 15, 2018) (granting

dismissal). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (holding that the district court had no jurisdiction over defendant because service was improper).

Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed. R. Civ. P. 4(b), 4(c)(1). There is no dispute that Defendant is Chinese citizen with no physical presence in the United States. Rule 4(f) authorizes two methods of service at issue here. First, service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders."

"The United States and China are both signatories to the Hague Convention, a multilateral treaty intended "to simply, standardize, generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, U.S. 137 S. Ct 1504, 1507, 197 L.Ed.2d 826 (2017). The Hague Service Convention has the force of federal law and limits available methods of service under Fed. R. Civ. P. 4(f)(3). Intended to simplify and standardize serving process abroad, the Hague Service Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Men*on, 137 S. Ct. 1504, 1507 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v.Levine*, 788 F.2d 830, 838 (2nd Cir. 1986).

Here, serving Defendant's Trademark and Trial Appeal Board Proceeding (TTAB) Counsel while that counsel was not authorized to accept service on behalf of Defendant is improper as a matter of law and unwarranted by the facts of this case as alternative service is inappropriate since (i) the Hague Service Convention is mandatory in this present case; (ii) Plaintiff failed to serve Defendant properly under the Hague Service Convention; and (iii) this Court should reconsider its order on July 22, 2022 as service Via Hague Service Convention is mandatory in this case.

> **i.    The Hague Service Convention is Mandatory in this Present Case.**

Courts look to Article 1 to determine whether the Hague Service Convention applies. *Schlunk*, 486 U.S. at 699. Article 1 specifies the Hague Service Convention's scope. The first sentence states the "Convention shall apply in all cases, in civil or commercial matters, where here is occasion to transmit a judicial or extrajudicial document for service abroad." *Id.* (quoting Article 1 of the Hague Service Convention, 20 U.S.T. at 362). Article 1 further states the Hague Service Convention does not apply "where the address of the person to be served with the document is not known." Art. 1, 20 U.S.T. at 362. Supreme Court has left no doubt that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Schlunk*, 486 U.S. at 705. Specifically, the Convention apples to "a transmittal abroad that it required as a necessary part of service." *Id*. at 707.

Texas long-arm statue provides for service of a nonresident for acts arising in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. §17.044. Service on such a nonresident requires that the secretary of state to be serve with copies of the process for the nonresident, and that the secretary state shall immediately mail a copy of the process to the nonresident at the address provided. *Id.* *at* §17.045(a).  Where the defendant, as here, "is a foreign resident, notice must be mailed abroad,

*triggering the requirements of the Hague Convention*." *Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) (emphasis added). And under the Hague Convention, service of process must be made through the designated central authority of the nation where the defendant resides. 20 U.S.T. 361 at Art. 3. Alternative methods of service are available under Article 10 of the Hague Convention, as long as the signatory nation has not objected. *Id.* at Art. 10. But China is one of many signatories to the Hague Convention that has expressly objected to the service provisions in Article 10. *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 413 (N.D. Tex. 2020).

Furthermore, because Defendant "is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention." *Bayoil Supply*, 54 F. Supp. 2d, 693 (emphasis added); *Brewer*, 2015 WL 4433046, at *2 (granting motion to quash service); *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479 (S.D. Tex. 1995) ("Because the Defendant in this case could be properly served under Texas law only by transmitting judicial documents to the Defendant abroad, the Hague Convention is applicable."). As such, compliance with the Convention is indeed mandatory in this case. *See Schlunk*, 486 U.S. at 700.

Here, applying the Hague Service Convention is mandatory in this case because(1) Texas long-arm statue requires transmittal of documents abroad to serve Defendant, thus triggering the requirements of the Hague Convention, (2) Defendant is a citizen of China, which is a signatory to the Hague Convention, and this is not a case "where the address of the person to be served with the document is not known" as Defendant uploaded his true and correct address to USPTO. *See* Decl. of Wang, ¶4. Moreover, Plaintiffs acknowledged that Defendant resides in China and manufacture his products there. *See* Compl., ¶17. Dkt. No. 2.  Plaintiffs knew Defendant's address as shown on the summons, Dkt. No. 4, and Plaintiff stated in their motion for alternative service

that they have initiated service in China through the Hague convention and that China's designated central authority received the full set of documents on July 11, 2022. *See Pls' Mot for Alternative Service*, at p. 4., Dkt. No. 8. Consequently, the Hague Service Convention applies in this case, thus, compliance with Hague Service Convention is mandatory as "[c]ompliance with the Convention is *mandatory* in all cases to which it applies." *Schlunk*, 486 U.S. at 705 (emphasis added).

## ii. Plaintiffs Failed to Serve Defendant Properly Under Hague Service Convention.

The Supreme Court of the United States has stated that the drafters of the Hague Service Convention intended to prohibit a method of service not mentioned in its text. The Supreme Court took a broad view of the Convention in 1988, holding that it "pre-empts inconsistent methods of service . . . [wherever] it applies." *Schlunk*, *supra*, 486 U.S. at 699. The Court reaffirmed that holding, quoting this language verbatim, in 2017. *Water Splash*, 137 S. Ct. at 1507.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.,* 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700.

Under Rule 4(f), such service may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (*Id. at* 4(f)(1)), or a method that is prescribed by the foreign country's law for service in that country in action in its

courts of general jurisdiction (*Id.* at 4(f)(2)(A), or "by other means not prohibited by international agreement, as the court orders" (*Id.* at 4(f)(3)).

Here, since Defendant has not been served via Hague Service Convention and China rejected the alternative services in Article 10, therefore, Defendant has not been served with process in compliance with the Hague Service Convention as prescribed by the Federal Rules of Civil Procedure.

### iii.   This Court should reconsider its Order on July 22, 2022 as Service Via Hague Service Convention is Mandatory in this Case.

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Applying the Supreme Court's precedent in *Schlunk*, this Circuit has found in similar circumstances that a foreign defendant is "well within its right to insist on service pursuant to the Hague Convention." *Sheets*, 891 F.2d at 536; *id.* at 538 ("Yamaha Japan's motion insisting on service of process in accordance with the Hague Convention was well founded in fact and warranted by existing law and was interposed for a legitimate purpose."). District courts in this Circuit have accordingly rejected arguments that compliance with the Hague Convention is not necessary simply because a foreign defendant has appeared through counsel. In *Mazda*, for instance, the district court held that "Plaintiffs must comply with the requirements of the Hague Convention in order to properly commence a lawsuit against a foreign defendant, and the fact that Defendant has appeared despite the defective service *does not make the Hague Convention or Rule 4 'superfluous.'*" *L.K ex rel. Yarborough v. Mazda Motor Corp.*, No. 3:09-cv-469M, 2009 WL 1033334, at *2 (N.D. Tex. Apr. 15, 2009) (emphasis added). Similarly, that NEC has appeared in this case through counsel does not render the Hague Convention and Rule 4(f)(1) inapplicable. *Id.*;

*see also Canal Indem. Co. v. Castillo*, No. 09-cv-43-AML-CW, 2010WL 11566311, at *1 (W.D. Tex. Feb. 22, 2010) (rejecting alternative service on counsel of record); *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-cv-00463- OLG, 2018 WL 4688778, at *1 (W.D. Tex. July 5, 2018).

Moreover, Rule 4(f)(3) cannot be used to contravene mandatory compliance with the Hague Convention. *See*, *e.g.*, *Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012) ("Because service under Rule 4(f)(3) cannot be in contravention of any international agreement, the Court must obey the dictates of the Hague Convention."); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1).").

Defendant respectfully requests that this Court to reach the same conclusion and reconsider its prior Order.[1] Plaintiffs cannot use alternative service as a mean to simply ignore mandatory compliance with the Hague Convention—much less for the mere reason that it is convenient for the plaintiff. *See*, *e.g.*, *Compass Bank*, 287 F.R.D. at 397 ("Because service under Rule 4(f)(3) cannot be in contravention of any international agreement, the Court must obey the dictates of the Hague Convention."); *see also Rio Properties*, 284 F.3d at 1015 n.4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement,

---

[1] Courts in other Circuits have similarly rejected alternative service on domestic counsel when compliance with the Hague Convention was mandatory in order to effectuate service on a foreign corporation. *See*, *e.g.*, *Am. Express Co. v. Xiongwen Rui*, No. 18-cv-01281-PHX-DWL, 2019 WL 1858101, at *1 (D. Ariz. Apr. 25, 2019) (vacating prior order that authorized alternative service on defendant's U.S. counsel, finding on motion to dismiss that plaintiff "declined to make any effort to utilize the Hague Convention to effectuate service at the outset of the case, then filed a misleading motion with the Court for permission to authorize alternative service"); *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms., Inc.*, No. 1:17-CV-21996-UU, 2017 WL 10402588, at *2 (S.D. Fla. Oct. 10, 2017) ("The Court also concludes that service on domestic counsel is not warranted . . . .").

including the Hague Convention referenced in Rule 4(f)(1)."); *Noco Co. v. Liu Chang*, No. 1:18-cv-2561, 2019 WL 2135665, at *5 (N.D. Ohio May 16, 2019) ("In this case, following the 'internationally agreed'-to means of service specified by the Hague Convention is mandatory.").

As a ratified treaty, the Convention supersedes any other methods of service once its requirements are triggered by the necessary transmittal of documents abroad. *See Schlunk*, 486 U.S. at 699 ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service . . . in all cases to which [the Hague Convention] applies."). Because the Texas long-arm statute triggers mandatory compliance, Plaintiffs must serve Defendant pursuant to the Hague Convention. Since Plaintiff has not served Defendant in compliance with the Hague Service Convention, service of process on Defendant is defective. "Plaintiff must comply with the requirements of the Hague Convention in order to properly commence a lawsuit against a foreign defendant." *Mazda*, 2009 WL 1033334, at *2. As a result, the Court also lacks personal jurisdiction over Defendant. *J.O. Alvarez,* 168 F.R.D at 203 ("[A] district court cannot exercise jurisdiction over a defendant which has not been served properly.").

Service by email is no exception. *See Presley v. JP/Politikens HUS*, No. 2:13-cv-02191-JTF, 2014 U.S. Dist. LEXIS 23741, at *6-8 (W.D. Tenn. Jan. 6, 2014) ("If registered mail does not constitute sufficient service under the Hague Convention, it follows logically that email would not constitute sufficient service, either. . . . The court explained that, because the Fifth Circuit had consistently held that regular mail did not constitute sufficient service, neither could email."). Nor is service by email on domestic counsel. *See Canal Indem.*, 2010 WL 11566311, at *1; *Am. Express*, 2019 WL 1858101, at *2 (denying alternative service on defendant's U.S. counsel); *see also Team Enters., LLC v. W. Inv. Real Estate Tr.*, No. 08-cv-1050 LJO SMS, 2008 U.S. Dist. LEXIS 82883, at *8-9 (E.D. Cal. Sep. 22, 2008) (service is invalid under the Hague Convention

even where it is made on defendant's "personal manager, who was not authorized to receive service on her behalf, even though, immediately upon receipt, the personal manager forwarded the summons and complaint to defendant's attorney, who was then representing defendant in another action involving plaintiff").

Here, in addition to China's rejection on the alternative services in Article 10, Defendant has never authorized his TTAB's counsel to accept service of process nor has he been served with process in this case. Decl. of Wang, ¶25. Moreover, as clearly stated in Defendant's TTAB counsel's email, "[she] is not authorized to accept service on behalf of Defendant." Dkt. No. 8-5. Moreover, Plaintiffs have merely attempted to comply with the Convention. *See Pls' Mot for Alternative Service*, at p. 4., Dkt. No. 8.  Plaintiffs thus cannot avail itself of alternative service under Rule 4(f)(3). Therefore, this Court should reconsider and vacate its Order dated July 22, 2022.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Defendant from this present case under Fed. R. Civ. 12(b)(2), 12(b)(5), vacate the Court's Order of July 22, 2022 under Fed. R. Civ. P. 54(b).

Dated: August 12, 2022                                    Respectfully Submitted,

                                                  By:    /s/ Yu-Hao Yao
                                                         Yu-Hao Yao, Esq.
                                                         Glacier Law LLP
                                                         9660 Flair Dr., Ste 328
                                                         El Monte, CA 91731
                                                         mickey.yao@glacier.law
                                                         Tel: +1 (312) 448-7772
                                                         Fax: +1 (312)-801-4587
                                                         ***Attorney for Defendant***

## CERTIFICATE OF CONFERENCE

Counsel for Defendant conferred with counsel for Plaintiff in a good-faith attempt to resolve the matter by agreement on August 5, 2022. No agreement could be reached. Counsel for Plaintiff stated that plaintiff will oppose this Motion.

Dated: August 12, 2022

By: /s/ Yu-Hao Yao
    Yu-Hao Yao, Esq.

## **CERTIFICATE OF SERVICE**

I certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Yu-Hao Yao

Yu-Hao Yao, Esq.