UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAMES K. DONOHUE and      §    No. 1:22-CV-00583-DAE
DRYSHOD INTERNATIONAL,     §
LLC,      §
      Plaintiffs,      §
      §
vs.      §
      §
ZHENYIN "STEVEN" WANG dba    §
DRYCODE,      §
      §
      Defendants.

ORDER ADOPTING U.S. MAGISTRATE JUDGE HOWELL'S
REPORT AND RECOMMENDATION

     Before the Court is U.S. Magistrate Judge Howell's Report and Recommendation ("Report"), issued on September 28, 2023, concerning Plaintiffs' Motion for Contempt Sanctions and for Modification of Preliminary Injunction Order. (Dkt. # 65.)

     The Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court—for the reasons that follow— **ADOPTS** Judge Howell's Report and **GRANTS** Plaintiff's Contempt Sanctions and for Modification of Preliminary Injunction Order. (Dkt. # 65.)

## BACKGROUND

Plaintiffs James K. Donohue and Dryshod International, LLC ("Plaintiffs"), own and sell a brand of premium waterproof footwear and accessories under the federally registered mark DRYSHOD. Defendant Zhenyin Wang ("Defendant"), a Chinese resident, sells an alleged knockoff version of Dryshod's footwear under the mark DRYCODE. Plaintiffs allege this mark infringes theirs and that Defendant is engaging in unfair competition under the Lanham Act.

On July, 13, 2022, Plaintiffs requested a preliminary injunction from the Court. (Dkt. 6.) On June 21, 2023, the Court enjoined Defendant from using the DRYCODE mark. (Dkt. # 56.) Plaintiffs now move for sanctions arguing that Defendant has failed to comply with that order. (Dkt. # 65.)

Plaintiffs assert that infringing DRYCODE product listings and advertisements currently remain on numerous U.S. platforms, including Amazon, Walmart, Facebook, Instagram, and eBay. Moreover, Plaintiffs state that sales of the infringing goods to U.S. consumers continue, in direct violation of the Court's injunction. (Dkt. # 65, at 2.)

Plaintiffs argue that Defendant has tried to evade the Court's injunction by claiming that he "sold" the DRYCODE marks. This sale allegedly occurred two weeks after the preliminary injunction hearing on August 22, 2022. Defendant did not mention the sale until June 2023, after injunctive relief was entered by the Court.

Furthermore, Defendant failed to mention that the sale was to his wife. Additionally, Plaintiffs argue that despite his claims of sale, Defendant has continued to hold himself out as the mark owner, including in this Court and in the U.S. Patent and Trademark Office.

Plaintiffs request the Court modify the preliminary injunction to explicitly include parties acting in concert with Defendant. Plaintiffs additionally request contempt sanctions, attorney's fees, and costs of bringing and enforcing this motion. Defendant argues he is in compliance with the Preliminary Injunction Order.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."  Spallone v. U.S., 493 U.S. 265, 276 (1990); In re Bradley, 588 F.3d 254, 265 (5th Cir. 2009) ("[C]ivil contempt remains a creature of inherent power.").  Civil contempt services two purposes: "It can be used to enforce compliance with a court's order through coercion, or it can be used to compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct."  Travelhost, Inc. v. Blandford, 68 F.3d 958, 961-62 (5th Cir. 1995).  "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  Id.  The moving party bears the burden of proving civil contempt by clear and convincing evidence.  Topletz v. Skinner, 7 F.4th 284, 299 (5th Cir. 2021); Whitcraft v. Brown, 570 F.3d 268, 271 (5th Cir. 2009).

A party seeking a contempt finding must establish "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995).

DISCUSSION

I.    Defendant has Failed to Comply with this Court's Preliminary Injunction

In his Report, Judge Howell found (1) a preliminary injunction order was in effect (Dkt. # 56); (2) that order required Defendant to stop using the DRYCODE marks; and (3) by clear and convincing evidence, Defendant failed to comply with the injunction.  (R&R at 8.)  This Court agrees.

As Judge Howell noted, Defendant has attempted to evade and has failed to comply with the injunction in numerous ways.  First, after the recommendation of injunctive relief was entered, Defendant notified the Court that he had sold the DRYCODE trademark to "a third party company named Lituo Yundongyongpin Youxiangongsi" (Dkt. # 61.)  Defendant did not clarify that the owner of this company was his wife. (R&R at 6.)   Secondly, Defendant has repeatedly represented in filings made in this Court that he remains the mark's owner.  Defendant represented to the USPTO as recently as June 15, 2023, that he owns the DRYCODE marks, submitting a letter of authorization to the USPTO attesting that he is the "DRYCODE trademark holder" and authorizing a different

5

applicant to use the similar mark, DG DRYCODE GEAR.  (Dkts. # 65-1, 65-8.)  In discovery responses served after the purported sale, Defendant represented that he authorizes Lituo to sell Defendant's DRYCODE goods.  (Dkts. # 65-1, 65-9, 65-10.)

Moreover, evidence supports that Lituo, the putative buyer of the mark, is acting in concert and may even be controlled by Defendant.  Judge Howell noted that public records from China show that until September 5, 2022, after the alleged sale, Defendant was a major shareholder of Lituo.  (Dkts. # 65-14, 65-14, 65-17.) Defendant and Yuli Li (Defendant's wife) are the primary owners and shareholders of a different Chinese company called Dongguan Lu Xuan Trading Company LTD, which is responsible for creating Defendant's infringing DRYCODE products in China, placing factory orders for the infringing products, and paying the factories in China to manufacture the infringing products.  (Dkt. # 65-12).

The overwhelming evidence supports Judge Howell's conclusion that Defendant is defying the preliminary injunction.

II.    <u>The Preliminary Injunction is Appropriately Modified to Include Those in Active Concert with Defendant.</u>

Judge Howell recommended the Court modify the preliminary injunction to compel Defendant and those in "active concert or participation" with him, including Lituo, to comply with the injunction within seven days of adopting the Report.  (R&R at 11.)  Judge Howell recommended the Court modify the

6

language of the injunction to explicitly apply to "Defendant's successors, assigns, licensees, and affiliated companies."  Id.  The Court agrees with Judge Howell and finds Defendant's objection unpersuasive.

The Court has the authority to modify a preliminary injunction. "[W]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).  An injunction can be modified pending appeal on "terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).  Courts have interpreted this language to mean that modifications pending appeal are appropriate if they preserve the "status quo."  See R&R at 11 (citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 578 (5th Cir. 1996); Coastal Corp. v. Texas Eastern Corp., 869 F.2d 817 (5th Cir. 1989)).

Defendant argues that modifying the injunction would advance a new theory that Lituo is acting in concert with Defendant.  However, no new theory is being advanced.  Defendant *himself* identified his relationship with Lituo in a sworn declaration filed with the Court on August 12, 2022, over fourteen months ago and well prior to both the Court's injunction and Dryshod's motion for contempt.  See ECF No. 19 ¶29 ("I only authorized the company in China named

Dongguanshi Lituo Yundongyongpin Youxiangongsi to use my trademark [DRYCODE].").

Defendant also argues that a modified injunction would impermissibly bring in third parties that "have no connection whatsoever with the case." This argument is without merit. Lituo has a very strong connection with the case. The record contains extensive evidence that the entity Lituo is "acting in concert with if not controlled by [Defendant]." (R&R at 7.)

In N.L.R.B. v. Laborer's Int'l Union of N. Am., AFL-CIO, the court held that one who "aids, abets, or conspires with another to evade an injunction or order of a court is also in contempt of that court." 882 F.2d 949, 954 (5th Cir. 1989). An injunction binds not only the parties subject thereto, but also nonparties who act with the enjoined party. Ex Parte Lennon, 166 U.S. 548, 555 (1897); McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 344 (9th Cir. 1966); Fed. R. Civ. P. 65(d).

In this case, Defendant has enlisted aiders and abettors to skirt the Court's original preliminary injunction. It is also clear that the Court has jurisdiction over those who have conspired with Defendant. Waffenschmidt v. MacKay, 763 F.2d 711, 718 (5th Cir. 1985) (finding that those conspiring and aiding Defendant fall within the ambit of the injunction and have placed themselves within the personal jurisdiction of the Court).

Finally, the recommended injunction will not change the scope of the injunction. The change is to clarify and explicitly direct Defendant to comply with the Court's prior demand. Modifying the injunction's language as Judge Howell recommended will preserve the status quo.

III.   <u>Sanctions are Appropriate to Enforce Compliance with the Court's Injunction</u>

Judge Howell recommended that Defendant be ordered to pay Plaintiffs' costs and reasonable attorneys' fees expended to obtain his compliance with the preliminary injunction, including Plaintiffs' costs and reasonable fees in preparing the instant motion.

This Court agrees with Judge Howell. The imposition of costs and attorneys' fees in this case is necessary to enforce future compliance with the Court's injunction and to compensate Plaintiffs for the unnecessary injuries and costs associated with the present motion. See <u>Travelhost, Inc. v. Blandford</u>, 68 F.3d 958, 961-62 (5th Cir. 1995).

The Court notes that Judge Howell declined to recommend imposition of a daily fine for failure to comply. The Court agrees, but similarly warns Defendant and anyone acting in concert with him that the continued failure to comply with the Court's injunction may lead to the further imposition of sanctions, including monetary sanctions, disgorgement of profits from sales of the offending

products, or the entry of a permanent injunction in Plaintiffs' favor.  See Bd. of Supervisors of the La. State Univ. v. Smack Apparel Co., 574 F. Supp.2d 601, 606 (E.D. La. 2008).

CONCLUSION

For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Howell's Report and **GRANTS** Plaintiffs' motion for Contempt Sanctions and Modification of Preliminary Injunction Order.  (Dkt. # 65.)  The Court **MODIFIES** the preliminary injunction language (Dkt. # 56.) to include Defendant and those acting in "active concert or participation" with him, including Lituo.    The preliminary injunction will explicitly apply to Defendant's successors, assigns, and licensees, and any affiliated companies of Defendant or his successors, assigns, and licensees.  Defendant and those acting in concert or participation with him[1] have seven days to comply with this Order.  Plaintiffs should move for their costs and attorneys' fees by separate order.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, October 27, 2023.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Including Lituo.  There should be no doubt that the Court considers Lituo to be acting in concert or participation with Defendant.